UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**JOSE ROMERO VILLANUEVA, et. al.**
Plaintiffs,

v.                                          CIVIL NO. 97-2108 (DRD)

**PREPA, et. al.**
Defendants.

## ORDER

Before the Court is Defendants' Motion for Summary Judgment (Docket # 152).[1] This case involves a Plaintiff who worked for PREPA for many years, and two years shy of his thirtieth year with them (thus just short of being able to retire with full benefits), he suffered two dehabilitating strokes. Plaintiffs in essence claim that various violations of the A.D.A. (42 U.S.C.A. § 12117(a)), Section 1983 of the Civil Rights Act (42 U.S.C.A. § 12117(a)), and related local laws, existed, and ultimately led to the Defendants forcing his early retirement (in addition to retaliation and political discrimination claims). Defendants deny any wrongdoing, and present but one issue for the Court to decide in their motion: whether Plaintiffs' claims are time-barred.[2]

The standard for summary judgment has been revisited by the First Circuit Court of Appeals on several occasions. *Serapion v. Martinez*, 119 F.3d 982, 986 (1st Cir.1997) (citing *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir.1995), collecting cases). A court may grant summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R .CIV. P. 56(c).

To determine whether these criteria have been met, a court must pierce the boilerplate of the pleadings and carefully review the parties' submissions to ascertain whether they reveal a trialworthy issue as to any material fact. *Perez v. Volvo Car Corporation*, 247 F.3d 303, 310 (1st Cir. 2001); *Grant's Dairy-Me., LLC v. Comm'r of Me. Dep't of Agric., Food & Rural Res.*, 232 F.3d 8, 14 (1st

---

[1] The Court is surprised with the writing submitted by both parties. The Court is surprised because it is aware of the high caliber and well-earned reputation of both counsel. Nevertheless, the Defendants' Motion contained multiple quotations (in fact, a majority of them) which were extremely difficult to locate because of the constant errors in "Blue-Booking" citation. For just one example, Defendants' use of "*Id.*" bordered maddening. "In court documents and legal memoranda, use "*id.*" when citing the ***immediately preceding authority***." THE BLUEBOOK: A UNIFORM SYSTEM OF CITATION (Columbia Law Review Ass'n et. al. eds., 17th ed. 2000), § 4.1 (emphasis added). The Court does not wish to go fishing for a quotation's matching case. There were additionally numerous "typos" with respect to verb and syntax agreement. Plaintiffs' Opposition was also defective. The writing in English was so extremely difficult to understand, that some sections could simply not be properly reviewed.

[2] The above transferred case was transferred to the docket of the undersigned by order of the Judicial Council of the First Circuit Court.



Cir. 2000); *Cortes-Irizarry v. Corporacion Insular*, 111 F.3d 184, 187 (1st Cir. 1997). In applying this screen, the court must construe the record and all reasonable inferences from it in favor of the nonmovant (i.e., the party opposing the summary judgment motion). *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 2110 (2000); *Suarez v. Pueblo Int'l, Inc.*, 229 F.3d 49, 53 (1st Cir. 2000). An absence of evidence on a critical issue weighs against the party--be it the movant or the nonmovant--who would bear the burden of proof on that issue at trial. *Perez, supra; see also: Torres Vargas v. Santiago Cummings*, 149 F.3d 29, 35-36 (1st Cir. 1998); *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 48 (1st Cir. 1990).

A fact is deemed "material" if the same "potentially affect[s] the suit's determination." *Id.* "An issue concerning such a fact is 'genuine' if a reasonable factfinder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." *Cortes-Irizarry, supra.*

Defendant, of course, must not only show that there is "no genuine issue of material facts," but also, that he is "entitled to judgment as a matter of law." *Vega-Rodriguez v. Puerto Rico Tel. Co.*, 110 F.3d 174, 178 (1st Cir. 1997). Further, the court is required to examine the record "drawing all reasonable inferences helpful to the party resisting summary judgment," *Cortes-Irizarry, supra*, at 187. There is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, no room for the judge to superimpose his own ideas of probability and likelihood...." *Greenburg v. Puerto Rico Maritime Shipping Auth.*, 835 F.2d 932, 936 (1st Cir. 1987); *Reeves, supra.* "[E]ven in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." *Ayala-Gerena v. Bristol Myers-Squibb Co.*, 95 F.3d 86, 95 (1st Cir. 1996). The facts must be examined under the above criteria because on a potential appeal the appellate court examines "the undisputed facts in the light most congenial to the appellants and adopts their version of any contested facts which are material to our consideration of the issues." *Vega-Rodriguez, supra*, at 178.

At bar Defendants essentially establish the following pertinent time line:

| | |
|---|---|
| **November, 1994:** | Plaintiffs' earliest acknowledgment of awareness of discrimination. |
| **December 12, 1994:** | State Insurance Fund "orders" Plaintiff to take a leave for medical reasons, hence Plaintiff stops working. |
| **November 22, 1995:** | Plaintiff publicly acknowledges alleged discriminatory conduct. |
| **November 23, 1995:** | Plaintiff returns back to work. |
| **December 6, 1995:** | Plaintiff's counsel through a letter acknowledges complaints. |
| **May 20, 1996:** | Plaintiff takes second leave for medical reasons. |
| **November 8, 1996:** | Plaintiff files disability discrimination charge with the ADU. |
| **July 17, 1997:** | Complaint filed in federal court. |
| **February 10, 1999:** | State Insurance Fund determines Plaintiff's condition not work related. |
| **February 24, 1999:** | Plaintiff applies for retirement. |

2

With respect to Plaintiff's § 1983 claims, Defendants argue that at the latest, Plaintiff stopped working on May 20, 1996. In Puerto Rico § 1983 claims have a statute of limitations of one year. *Rodriguez-Nevarez v. Nazario*, 895 F.2d 38 (1st Cir. 1990). Administrative filings do not toll the statute of limitations in § 1983 cases. *Oliveras-Sifre v. Puerto Rico Department of Health*, 38 F.Supp.2d 91 (D.P.R. 1999). With a one year statute of limitations, and no tolling for § 1983 claims due to administrative agency claims, the federal complaint could not have been brought after May 20, 1997; in fact the Complaint was filed in July of 1997.

With respect to Plaintiff's ADA and Title VII claims, Defendant's correctly argue that an administrative claim must first be brought within three hundred days of the alleged unlawful employment practice. Prior to filing a Title VII employment discrimination cause of action in court, Title VII requires aggrieved individuals to file an administrative charge with the EEOC "within one hundred and eighty days after the alleged unlawful employment practice occurred," or within three hundred days if the person is in a "deferral jurisdiction" such as Puerto Rico. 42 U.S.C. § 2000e-5(e)(1). *See also: Landrau-Romero v. Banco Popular de Puerto Rico*, 209 F.3d 10 (1st Cir. 2000); *Thomas v. Eastman Kodak Company*, 183 F.3d 38 (1st Cir. 1999). With Plaintiff's claim before the ADU being filed on November 8, 1996, any claims for acts occurring prior to January 13, 1996, would be time-barred. Defendants' claim Plaintiff admits his allegations of discrimination came before his first medical leave (before December 12, 1994), and not between his first departure and his second; thus all of the claims at bar are time-barred. Further, more than seven months elapsed from the date of resignation to the last date of an alleged discriminatory act hence no constructive discharge can be found. *Landrau-Romero, supra*.

Plaintiffs naturally have argued that a continuing violation has taken place. "The continuing violation doctrine creates an exception to Title VII's 300-day limitation period when the unlawful behavior complained of is deemed ongoing. A continuing violation allows a plaintiff not only to allege otherwise time-barred acts, but more concretely, to receive damages, such as back pay, based on and reaching back to those acts." *Provencher v. CVS Pharmacy, Division of Melville Corporation*, 145 F.3d 5, 14 (1st Cir. 1998) (citations omitted). Within the First Circuit, two kinds of continuing violations are recognized: systemic or serial. *Id., see also, DeNovellis v. Shalala*, 124 F.3d 298, 307 (1st Cir. 1997); *Sabree v. United Brotherhood of Carpenters and Joiners Local 33*, 921 F.2d 396 (1st Cir. 1990). Anticipating Plaintiff's claim of a continuing violation, Defendants cite caselaw holding that this equitable tolling exception is limited to situations where a Plaintiff was unaware that he was being unlawfully discriminated. "Even where the plaintiff alleges a violation within the appropriate statute of limitations period, the continuing violation claim will fail if the plaintiff was or should have been aware that [s]he was being unlawfully discriminated against while the earlier acts, now untimely, were taking place." *Provencher, supra; Sabree, supra*. "[A] knowing plaintiff has an obligation to file promptly or lose his claim: '[t]his can be distinguished from a plaintiff who is unable to appreciate that he is being discriminated against until he has lived through a series of acts and is thereby able to perceive the overall discriminatory pattern.'" *Provencher, supra*, at 15. *See also: Thomas, supra*, at 53-54. As Plaintiff acknowledged he was aware he was being allegedly discriminated against in November of 1994, and again specifically on November 22 and December 6, 1995, the continuing violation argument is unavailable.

With respect to Plaintiff's allegation of constructive discharge for the alleged resignation, Defendants proffer that when Plaintiff began the retirement process it was one year and nine months after he had last worked for PREPA, thus that long since the acts giving rise to the last unlawfully discriminatory act took place. Defendants naturally cite the caselaw holding much shorter time periods in-between the alleged forced retirement and the unlawful acts were too long. In *Landrau-Romero, supra,* for example, an African-American employee brought suit alleging failure to promote, constructive discharge and race-based harassment. The First Circuit held that no continuing violation could be found where the employee knew of the discriminatory acts approximately one full year before bringing suit; at bar we have much more time having elapsed. Additionally, Defendants argue that an employee is certainly not guaranteed a working environment totally free from stress, and that it was the State Insurance Fund, and not them, that determined Plaintiff's medical conditions were not related to work (ultimately leading to the revocation of full retirement benefits).

As to the Plaintiffs' state claims, discrimination is also unlawful in the Commonwealth of Puerto Rico. Article II, Section 1 of the Constitution of the Commonwealth of Puerto Rico, Law No. 100 of June 30, 1959 (20 P.R.L.A. § 146, *et seq.*), Act No. 44 of June 2, 1985 (1 P.R.L.A. § 507(a)), Articles 1802 and 1803 of the Puerto Rico Civil Code (31 P.R.L.A. §§ 5141-42) and Article 1044 of the Puerto Rico Civil Code (31 P.R.L.A. § 2994), all provide causes of action under the proper circumstances. All have statute of limitations of one year as well. The Court will dismiss these State claims without prejudice: they involve the issue of potential continuing violations, such issue to be reserved for the Supreme Court of Puerto Rico to either adopt or reject a rule similar to *Provencher, supra*. The District Court should not be trail blazing in difficult unresolved issues of Puerto Rico law, hence the local claims are discharged without prejudice. *Rodriguez v. Doral Mortgage Corp.,* 57 F.3d 1168, 1177 (1st Cir. 1995); *See also: Moor v. County of Alameda,* 411 U.S. 693, 716, 93 S.Ct. 1785, 1799, 36 L.Ed.2d 596 (1973).

After a thorough review of the record, it is clear to the Court that there are no genuine issue of material facts, and as the actions here are time-barred, the Defendants are entitled to judgment as a matter of law as to the federal actions. The state actions are dismissed without prejudice. Defendants' summary judgment motion is hereby **GRANTED**, and this case is dismissed. The original dates scheduled for the Pre-Trial Conference and trial are vacated.

IT IS SO ORDERED.

Date: September 0⅗, 2002

DANIEL R. DOMINGUEZ
**U.S. District Judge**