UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSE ROMERO VILLANUEVA, et al.,
Plaintiffs,

CIVIL NO. 97-2108 (DRD)

v.

PREPA, et al.,
Defendants.

## ORDER

Pending before the Court is Plaintiff's Motion to Reconsider (Docket No. 170) and Supplemental Motion to Reconsider (Docket No. 176). As explained below, Plaintiff's reconsideration is **DENIED**.

The Federal Rules of Civil Procedure do not specifically provide for the filing of motions for reconsideration. Sierra Club v. Tri-State Generation and Transmission Assoc., Inc., 173 F.R.D. 275, 287 (D.Col. 1997); Hatfield v. Board of County Comm'rs for Converse County, 52 F.3d 858, 861 (10th Cir. 1995). Motions for reconsideration are generally considered either under FED.R.CIV.P. 59 or Rule 60, depending on the time such a motion is served. Perez-Perez v. Popular Leasing Rental, Inc., 993 F.2d 281, 284 (1st Cir. 1993). Whether under Rule 59 or Rule 60, a motion for reconsideration cannot be used as a vehicle to relitigate matters already litigated and decided by the court, regardless of whether it is under Rule 59(e) or Rule 60(b). Standard Quimica de Venezuela v. Central Hispano International, Inc., 189 F.R.D. 202, n. 4 (D.P.R. 1999). Hence, as a general rule, motions for reconsideration shall not be admitted. A district court may, however, grant a party's motion for reconsideration in any of three situations: (1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice. See Reich v. Compton, 834 F.Supp. 753, 755 (E.D.Pa. 1993). No such situation exists in the present case.

The Court on September 5, 2002 (Docket No. 168) granted Defendant's Motion for Summary Judgment (Docket No. 152) and dismissed Plaintiff's ADA and §1983 claims as time barred. The remaining pendent local law claims were dismissed without prejudice.

Plaintiff then filed the pending motion to reconsider (Docket No. 170) asserting that the Court erred in apply the ADA statute of limitation. First, Plaintiff alleges that the Court utilized November 1994 as the date the statute of limitations began to run. This assertion is erroneous. Second, Plaintiff seeks to utilize two letters for the establishment of equitable tolling under the theory that Defendant was actively leading Plaintiff to believe that accommodations were being

made. The Court disagrees with this second conclusion as well. Because the Court affirms its previous decision, the Court need not become entangled in further discussions regarding the statute of limitation and the local law actions. Instead, the Court turns to its basis for the dismissal of the ADA claims.

The Court stated:

> Prior to filing a Title VII employment discrimination cause of action in court, Title VII requires aggrieved individuals to file an administrative charge with the EEOC "within one hundred and eighty days after the alleged unlawful employment practice occurred," or within three hundred days if the person is in a "deferral jurisdiction" such as Puerto Rico. 42 U.S.C. § 2000e-5(e)(1). *See also: Landrau-Romero v. Banco Popular de Puerto Rico*, 209 F.3d 10 (1st Cir. 2000); *Thomas v. Eastman Kodak Company*, 183 F.3d 38 (1st Cir. 1999). With Plaintiff's claim before the ADU being filed on November 8, 1996, any claims for acts occurring prior to January 13, 1996, would be time-barred.

Order of September 5, 2002, p. 3 (Docket No. 168). The Court utilized the date of the filing of the administrative claim (November 8, 1996) and counted backwards the 300 days. The resulting date (January 13, 1996) provides the deadline date for any unlawful practice. It should be clear from the language of the order that the Court was not utilizing the November 1994 date, but was instead stating that any adverse employment acts prior to January 13, 1996 would be time barred.

Given the fact that Plaintiff had acknowledged and complained of discrimination by at least December 1995, the Court was forced to conclude that such instances of discrimination were time barred as the required administrative claim was filed too remote in time from the allegations of the unlawful employment practices. The Court then adequately addressed the allegations regarding possible continuing violations.

In Plaintiff's reconsideration, the Court is urged to again consider two letters. The first was written on May 31, 1996 to the Plaintiff's supervisor stating that the Plaintiff should not be made to give physical effort. The second is a letter sent to Plaintiff on August 19, 1996 where in Defendant states that Plaintiff's reasonable accommodation request is under study. Defendant re-argues that these letters toll the applicable statute of limitation. The Court reiterates the First Circuit's position that "[f]ederal courts should not apply equitable tolling liberally to extend time limitations in discrimination cases. In a nutshell, equitable tolling is reserved for exceptional cases..." *Chico-Velez v. Roche Products*, 139 F.3d 56, 58-59 (1st Cir. 1998).

Based on the evidence provided, the Court cannot conclude that an exceptional case exists wherein equitable tolling should be implemented. There is no dispute that Plaintiff was fully aware of his employment situation and the allegedly adverse employment actions being

taken. The two letters reference do not conceal or attempt through fraud to keep Plaintiff from realizing relief for those employment actions. Plaintiff does not alleged that the reasonable accommodation requested were given and revoked. Plaintiff was aware at all times of whether the accommodation were received. Further, Defendant's letter that the accommodation were being studied is supported by no other evidence that a bad-faith attempt existed to prevent Plaintiff from pursuing an administrative claim or seeking relief for his situation. This Court will not, on reconsideration, find that the cited letters acted as an equitable tolling mechanism. This leaves Plaintiff's position without solid ground.[1]

Because the Court's September 5, 2002 ruling (Docket No. 168) was well reasoned in law and based on accurate facts which were not disputed by Plaintiff, the Court hereby **AFFIRMS** its September 5, 2002 ruling and judgment and **DENIES** Plaintiff's Motion to Reconsider (Docket No. 170) and Supplemental Motion to Reconsider (Docket No. 176).

**IT IS SO ORDERED.**

Date: September 30, 2003

**DANIEL R. DOMINGUEZ**
U.S. District Judge

---

[1] The Court notes Plaintiff's additional argument that retaliation claims remain; however, after reviewing the pleadings, specifically the complaint, the Court cannot discern that retaliation claims were ever presented before the Court as a separate and distinct cause of action for relief. The Court finds little articulation on the record regarding this alleged claim. Insufficient notice is provided to Defendant that such a claim exists or evidentiary backing for the Court to make any determination regarding the matter. Plaintiff's reconsideration certain provides little light on this subject. The Court considers the resolution of the §1983 and ADA claims to fully address those federal claims presented.